UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

DEXTER WAITERS,

    Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CR-87 (SLT)

**TOWNES, United States District Judge:**

Defendant Dexter Waiters ("Defendant") was tried before this Court in December 2012 and convicted of all but one of the nine counts on which he was indicted. His conviction became final in October 2016, after the United States Supreme Court denied his petition for a writ of certiorari. *See Sebbern v. United States*, 137 S. Ct. 280, 196 L. Ed. 2d 85 (2016). Defendant now moves 1) to correct certain clerical errors in his judgment of conviction, 2) to "lift" a separation order—allegedly first issued at the request of the United States Probation Department—which prevents Defendant from being housed in the same prison as his co-defendant and 3) for appointment of counsel to assist him with the preparation of a § 2255 motion or, in the alternative, an extension of his time to file that motion. For the reasons stated below, the Rule 36 motion is granted but the other motions are denied.

## BACKGROUND

In December 2012, Defendant went to trial on an indictment which charged him with nine counts: racketeering, racketeering conspiracy, murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, being a felon in possession of a firearm, possession of body armor after being convicted of an offense that constitutes a crime of violence, conspiracy to distribute cocaine and cocaine base, and two counts of unlawful use of a firearm in furtherance of

a crime of violence. On December 21, 2012, the jury found Defendant guilty of all counts except one of the two counts charging unlawful use of a firearm. On August 22, 2014, the Court sentenced him to life imprisonment on each of the three top counts and to various terms of years on the remaining five counts. All of the terms of imprisonment were concurrent, except for the 60-month term of imprisonment imposed for the unlawful use of a firearm.

Defendant appealed his conviction. The Second Circuit affirmed Defendant's conviction on December 16, 2015. *United States v. Sebbern*, 641 F. App'x 18 (2d Cir. 2015) (summary order). Defendant then petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 3, 2016. *Sebbern*, 137 S. Ct. 280, 196 L. Ed. 2d 85.

### *The Instant Motions*

In the two and one-half years since his conviction, Defendant has filed three additional motions. The first is in the form of an undated letter postmarked July 29, 2015, and received and filed by the Court on August 7, 2015. (Documents 185 & 186). This letter-motion requests that the Court "lift" a separation order which prevents Defendant from being incarcerated in the same facility as his co-defendant, Dontae Sebbern. Defendant states that this order was issued by the Probation Department prior to trial and implies that there is no justification for continuing the order now that both Defendant and his co-defendant have been convicted.

The second motion is in the form of an undated letter which was received and filed by the Court on February 7, 2017. (Document 189). In that letter, Defendant asserts that the judgment of conviction "erroneously states that [he] was adjudicated guilty on all counts" and "was adjudicated guilty of 924 (c) ii and 924 (c) iii, when in fact the Court['s] oral announcement and sentence reflects 924 (c) i." Letter to Judge Townes from Dexter Waiters, p. 1. Defendant

argues that Rule 36 of the Federal Rules of Criminal Procedure expressly permits these clerical errors in the judgment to be corrected at this juncture.

The third motion is an undated, one-page document which was mailed to the Court Clerk at 500 Pearl Street, New York, New York, on or about January 30, 2017. (Document 190). Although the caption atop that document indicates that Defendant intended to address his motion to the United States Court of Appeals for the Second Circuit, the motion pertains to a prospective motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Since a § 2255 motion must be brought in the trial court in which the movant was convicted, the Court Clerk forwarded the document to this Court.

This document contains no information regarding what issues Defendant wishes to raise in his § 2255 motion. Rather, it reflects the belief that Defendant is entitled to counsel to assist in the preparation of the motion, stating that Defendant's appellate counsel "left [him] cold with no help pertaining to [his] 2255 ...." Defendant, who represents that he is "computer illiterate" and neither "law savvy" nor "familiar with the law library procedures," requests that the Court "give [him] counsel and ... the proper team ... to process [his] 2255 ...." Defendant also requests, in the alternative, that he be given an extension of time in which to file his § 2255 motion.

## DISCUSSION

### *The Motion to Correct Clerical Errors in the Judgment*

Rule 36 of the Federal Rules of Criminal Procedure provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

3

This rule "authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). It does not permit amendment of the oral sentence itself, but "covers only minor, uncontroversial errors." *Id.* Notice to the parties is optional under this rule "because a 'clerical mistake' should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue." *Id.*

In his letter-motion filed February 7, 2017, Defendant correctly notes that the judgment contains ministerial errors. First, the judgment indicates that Defendant pled guilty to eight counts, rather than noting that he was found guilty of these counts after pleading not guilty. Second, although the judgment correctly lists the eight counts which the jury found Defendant guilty of committing, it does not indicate that the jury found Defendant not guilty of count ten of the superseding indictment: unlawful use of a firearm in connection with the drug-trafficking offense charged in count nine. Third, while the judgment correctly indicates that Defendant was found guilty of count five of the superseding indictment, it suggests that he was convicted of violating 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(A)(iii). In fact, he was convicted only of violating 18 U.S.C. § 924(c)(1)(A)(i) and was sentenced to a consecutive term of 60 months' imprisonment for this offense.

Although Defendant's letter-motion was filed more than three weeks ago, the Government has not yet responded to Defendant's submission. In light of the obvious and incontrovertible nature of the clerical errors listed above, the Court sees no purpose in directing the Government to respond to the motion at this juncture. Rather, the Court will dispense with notice and direct the Clerk of Court to amend the judgment to correct these errors.

*The Request to Rescind the Separation Order*

In requesting that the Court "lift" the separation order which segregates him from his co-defendant, Defendant implies that this Court issued that order, perhaps at the behest of the Probation Department. However, the Court did not issue that order and cannot simply rescind it. Moreover, the Court lacks jurisdiction to tell the Federal Bureau of Prisons to do anything, since that agency is not a party to an action before this Court.

In order to challenge the segregation order, Defendant will need to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241—a provision which enables a prisoner to challenge the manner in which his sentence is executed. *See Ozsusamlar v. United States*, No. 05 CR 1077 (SAS), 2013 WL 395118, at *2 (S.D.N.Y. Feb. 1, 2013); *Williams v. United States*, No. 00 CR 1008 (NRB), 2011 WL 3296101, at *20 (S.D.N.Y. July 28, 2011). Generally, prisoners must exhaust their administrative remedies before filing a petition under § 2241. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). After exhausting these remedies, a prisoner may file the petition in the district of confinement, naming the warden of the prison as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S. Ct. 2711, 2724 (2004). For example, if Defendant is still incarcerated at USP Big Sandy when he exhausts his administrative remedies, Defendant may file his petition in the United States District Court for the Eastern District of Kentucky and name the warden of USP Big Sandy as respondent.

*The Motion for Appointment of Counsel*

Since Defendant's third motion reflects an expectation that appellate counsel would help with his § 2255 motion, the Court finds it necessary to clarify that "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555,

107 S. Ct. 1990, 1993 (1987). Courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488, 89 S. Ct. 747, 750 (1969). Rather, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

To be sure, district courts do have discretion to appoint counsel. Section 2255(g) expressly provides that a district court "may appoint counsel," and that appointment of counsel is governed by 18 U.S.C. § 3006A. Section 3006A(a)(2) provides that representation may be provided "for any financially eligible person" when "the interests of justice so require."

In determining whether the "interests of justice" require the appointment of counsel, district courts look to *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1985), a Second Circuit case articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant in an analogous context. *See, e.g., Toron v. United States*, 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003); *Harrison v. United States*, Nos. 06-CV-261S & 03-CR-0114-001S, 2006 WL 1867929, at *1 (W.D.N.Y. June 30, 2006). *Hodge* dictates that "[i]n deciding whether to appoint counsel, ... the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62.

In this case, Defendant states only that he would like to make a § 2255 motion and has not provided any information regarding what issues he intends to raise. Since it is not possible at this juncture to determine that his motion is likely to be substance, Defendant's motion for appointment of counsel is denied at this time. Defendant may file another application for appointment of counsel which articulates specific, meritorious issues he wishes to raise in his post-conviction motion.

*The Motion for an Extension of Time to File the § 2255 Motion*

Defendant's request for an extension of time in which to file his § 2255 motion is also denied. The deadline for filing such motions is set by statute. Specifically, § 2255(f) dictates that a § 2255 motion must be filed within one year from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Since most movants are not prevented from making their § 2255 motion by governmental action and do not rely on newly recognized rights or newly discovered facts, the one-year period of limitation typically runs from the date that the movant's conviction becomes final. A "federal judgment becomes final when ... [the Supreme] Court affirms a conviction on the merits on

7

direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, 565 U.S. 134, 149, 132 S. Ct. 641, 653 (2012) (internal citations and quotation omitted).

Section 2255 does not give courts discretion to extend the one-year period of limitation. However, the Second Circuit and other courts have held that this period of limitation is not a jurisdictional bar and that district courts may equitably toll the period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). "Equitable tolling applies only in the rare and exceptional circumstance[ ]" in which "extraordinary circumstances" prevent a movant from filing his motion on time. *Id.* "In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Id.*

"[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam). Accordingly, "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). Since Defendant has not yet filed a § 2255 motion, the Court lacks jurisdiction to consider his motion for an extension of the one-year deadline. *See id.*

## CONCLUSION

For the reasons set forth above, the Clerk of Court is directed to amend the judgment in this case to reflect 1) that Defendant was convicted after a jury trial, not upon his plea of guilty; 2) that Defendant was acquitted of count ten of the superseding indictment, charging him with

unlawful use of a firearm in connection with the drug-trafficking offense charged in count nine; and 3) that Defendant was convicted under count five of the superseding indictment of violating 18 U.S.C. § 924(c)(1)(A)(i), not 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(A)(iii). Defendant's request that the Court rescind the separation order is denied without prejudice to filing a § 2241 petition in the appropriate district court after exhausting all administrative remedies. Defendant's application for appointment of counsel is denied without prejudice to refiling an application which articulates specific, meritorious issues that Defendant wishes to raise in his post-conviction motion. Defendant's motion for an extension of time in which to file his § 2255 motion is denied for lack of jurisdiction.

**SO ORDERED.**

s/Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: March 20, 2017
Brooklyn, New York