UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**DEXTER WAITERS**,                                             :
                                                                :
                                  Petitioner,                   :
                                                                :     **MEMORANDUM DECISION AND**
                                                                :     **ORDER**
                – against –                                     :
                                                                :     10-CR-00087 (AMD)
                                                                :
**UNITED STATES OF AMERICA**,                                   :
                                                                :
                                  Respondent.                   :
                                                                :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court are the *pro se* petitioner's motions for leave to file a successive petition

for habeas corpus under 28 U.S.C. § 2255. In 2020, the Court denied the petitioner's first

Section 2255 motion. The petitioner appealed that decision to the Second Circuit, where he also

filed the instant motions for leave, arguing that his conviction under 18 U.S.C. § 924(c) should

be vacated in light of the Supreme Court's decision in *Davis v. United States*, 588 U.S. 445

(2019). Because the appeal of the petitioner's first Section 2255 motion was still pending, the

Second Circuit denied the motions for leave and transferred them to this Court for further

consideration pursuant to *Whab v. United States*, 408 F.3d 116 (2d Cir. 2005). The Court

construes the petitioner's motions as a single motion to amend pursuant to Fed. R. Civ. P. 15.

For the following reasons, the motion is denied.

# BACKGROUND[1]

On December 21, 2012, the petitioner was convicted by a jury of racketeering, racketeering conspiracy, murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, unlawful use and discharge of a firearm, being a felon in possession of a firearm, possession of body armor after being convicted of an offense that constitutes a crime of violence, and conspiracy to distribute cocaine and cocaine base.  (ECF Nos. 133, 134.)  The petitioner was sentenced to life in prison for the racketeering, racketeering conspiracy, and murder in aid of racketeering charges, and lesser sentences for the remaining crimes.  (ECF No. 179.)  The Second Circuit affirmed the petitioner's conviction on December 16, 2015, *United States v. Sebbern*, 641 F. App'x 18 (2d Cir. 2015), and the Supreme Court denied certiorari.  *Sebbern v. United States*, 137 S. Ct. 280 (2016).[2]

On October 2, 2017, the petitioner moved to vacate his conviction under Section 2255. (ECF No. 198.)  He raised six claims: (1) the jury charge and verdict form were inconsistent; (2) the prosecutor suborned perjured testimony; (3) the Court admitted hearsay testimony in violation of the Confrontation Clause; (4) the prosecutor had impermissible contact with a juror; (5) the petitioner's sentence was unconstitutional; and (6) his trial and appellate lawyers were ineffective.  (*Id.*)  On July 13, 2020, the Court denied the petitioner's motion in a written memorandum and order.  (ECF No. 219.)  The petitioner appealed that decision to the Second Circuit.  *Waiters v. United States*, No. 20-2712, Dkt. No. 1 (2d Cir. Aug. 12, 2020).

---

[1] The Court assumes familiarity with the evidence at trial and procedural history of the petitioner's case, which are set out more fully in the Court's July 13, 2020, Memorandum and Order denying the petitioner's habeas petition.

[2] Dontae Sebbern was the petitioner's co-defendant.

While the petitioner's appeal was pending, he filed a motion for leave to file a successive habeas petition with the Second Circuit. *Waiters v. United States*, No. 21-878, Dkt. No. 9 (2d Cir. April 30, 2021).[3] The petitioner argues that after *Davis v. United States*, 588 U.S. 445 (2019), his conviction for racketeering conspiracy does not qualify as a "crime of violence" and therefore cannot serve as a predicate for his conviction for unlawful use and discharge of a firearm under 18 U.S.C. § 924(c). (ECF No. 229.) In *Davis*, the Supreme Court held the residual clause of Subsection 924(c)(3)(B) — which provided that a "crime of violence" encompasses an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" — was unconstitutionally vague. 588 U.S. at 469–70. Because *Davis* established "a new rule of law that is applied retroactively," the petitioner argues that "[t]he government cannot negate all the possibilities or show the murder conviction [necessarily] furnished valid predicates for 924(c) criminal liability." (ECF No. 229 at 16–17, 20.)

On May 19, 2021, the Second Circuit denied the motion for leave and transferred both the appeal and the motion for leave to this Court. (ECF No. 229.) Citing *Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005), the Second Circuit explained that "[b]ecause that motion was filed during the pendency of Petitioner's appeal from the denial of his first § 2255 motion, his proposed new § 2255 motion would not be successive," and directed this Court to take "whatever further action [it] finds appropriate." (*Id.* at 2 (citing *Whab*, 408 F.3d at 119).)[4]

---

[3] The petitioner's motion did not appear on the Court's docket and was not filed on the same Second Circuit docket as his appeal. The Court first received notice of the motion on May 19, 2021, as an attachment to the Second Circuit decision transferring the motion. (*See* ECF No. 229.)

[4] In *Whab*, the Second Circuit explained that "so long as appellate proceedings following the district court's dismissal of [an] initial [habeas] petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions." 408 F.3d at 118. Rather, "[b]ecause the subsequent petition should have been filed directly in the district court," it should be "transfer[red] to the district court for whatever further action the

On July 30, 2021, the government responded to the motion, arguing that the petitioner's Section 924(c) conviction is valid, because "the jury's verdict established that [it] rests on both the substantive murder and conspiracy charges, not solely the latter." (ECF No. 237 at 6.)  The government asserts that where a "jury is instructed on both valid and invalid predicate offenses, the conviction stands if the verdict 'undoubtedly rests on a valid . . . predicate[.]'" (*Id.* at 7 (quoting *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016)).)

On December 12, 2023, the petitioner filed another motion for leave to file a successive habeas petition. *Waiters v. United States*, No. 23-7574, Dkt. No. 10 (2d Cir. Dec. 12, 2023).[5]  In this motion, the petitioner reiterates the arguments in his first motion for leave, and cites *United States v. Taylor*, 596 U.S. 845 (2022), to support his claim that his racketeering conspiracy conviction cannot serve as a predicate for his Section 924(c) conviction. (*Id.*)  The Second Circuit denied the motion and transferred the motion to this Court on March 4, 2024, citing *Whab*. (ECF No. 255.)

In a July 18, 2024, response, the petitioner reargued the claims in his motions for leave, and the petitioner asserted that his conspiracy convictions must be vacated because, among other things, "[t]here was no element of an Agreement established at [his] trial." (ECF No. 261 at 3.)  The petitioner seeks dismissal of the Section 924(c) conviction and an evidentiary hearing "to make determinations as to the factual allegations of the predicated offenses that were being relied on." (*Id.* at 7.)

---

district court finds appropriate." *Id.* at 119.  "The narrow focus of *Whab* is [for] the proper court (district or appellate) to consider in the first instance a small set of habeas filings." *Gilliam v. United States*, No. 13-CV-1271, 2014 WL 3778825, at *1 (E.D.N.Y. July 31, 2014).

[5] This motion was filed on a third docket in the Second Circuit (No. 23-7574).

**DISCUSSION**

## I.    Amendment of the Petition

The Court liberally construes the motions for leave as a motion to amend the original

Section 2255 petition pursuant to Fed. R. Civ. P. 15. *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be

construed liberally."); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts

sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize

the motion in order to place it within a different legal category.").  Rule 15 governs

"[a]mendment in habeas cases . . . just as in any other civil case," *Gilliam*, 2014 WL 3778825, at

*1, and courts sitting in a similar posture have routinely applied Rule 15 to motions styled as

"successive" habeas petitions. *See, e.g., id.; Bouloute v. United States*, 645 F. Supp. 2d 125, 131

(E.D.N.Y. 2009) ("[B]ecause the petitioner's appeal from a final judgment of this Court denying

the Initial Petition was still pending before the . . . [successive] Petition was filed, the

[successive] Petition must be regarded as an amendment and not a second or successive

petition."); *Player v. Artus*, No. 06-CV-2764, 2008 WL 324246, at *3 (E.D.N.Y. Feb. 6, 2008)

(same); *see also Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) ("AEDPA does not

prohibit amendment of a § 2255 motion after adjudication has proceeded beyond the first round

of appeals.").

Under Rule 15(a), "[t]he court should freely give leave [to amend] when justice so

requires."  Fed R. Civ. P. 15(a)(2); *see also Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001)

("[T]he standard for granting or denying a motion to amend [a habeas petition] is thus governed

by Federal Rule of Civil Procedure 15(a).").  The ability to amend "should not be misconstrued

as providing a free pass for prisoners to file numerous petitions before an initially filed petition is

finally adjudicated on the merits."  *Whab*, 408 F.3d at 119 n.2.  Nonetheless, the Court

recognizes that *pro se* litigants are entitled to "a special solicitude" that "embraces relaxation of the limitations on the amendment of pleadings." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Accordingly, the Court grants leave to amend and evaluates the petitioner's *Davis* claim on the merits.[6]

## II.    Section 924(c) Conviction

The petitioner's motions raise one new argument: that his conviction for unlawful use and discharge of a firearm under Section 924(c) was based on invalid predicate offenses and must be vacated. (*See* ECF Nos. 229, 261; *Waiters*, No. 23-7574, Dkt. No. 10.)[7] Specifically, the petitioner contends that "[t]he government cannot negate all the possibilities or show the murder conviction [necessarily] furnished valid predicates for 924(c) criminal liability." (ECF No. 229 at 20.) According to the petitioner, "the jury could have decided the case in accordance with the Pinkerton Theory" — meaning that the jury might have based the 924(c) conviction on the racketeering conspiracy and conspiracy to commit murder charges in violation of *Davis*. (*Id.*) As explained below, that is not the law in this circuit.

"[H]abeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (citation and internal quotation marks omitted). In *Stone v. United States*, the Second Circuit explained that where "a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt, we will find the error harmless when the jury would have found 'the essential

---

[6] In his reply, the petitioner argues that the evidence at trial did not support his convictions and that he received ineffective assistance of counsel, as he did in the appeal of his conviction and his original motion for habeas corpus. (*See* ECF No. 261 at 4–6.) The Second Circuit and this Court have already rejected those arguments. *Sebbern*, 641 F. App'x at 20–21; (ECF No. 219.) Thus, the Court does not address those arguments here.

[7] Although the Court construes the petitioner's submissions as motions to amend, the parties have fully briefed the merits of the petitioner's claim.

elements of guilt on the alternative charged predicate that would sustain a lawful conviction' beyond a reasonable doubt." 37 F.4th 825, 831 (2d Cir. 2022). The court held that "the error of instructing the jury on the now-invalid predicate was harmless . . . because the jury found facts 'satisfying the essential elements of guilt' on the valid predicate," which itself was a crime of violence. *Id.* at 832.

Stone, like the petitioner, was charged with conspiracy to commit murder in aid of racketeering and murder in aid of racketeering. *Id.* at 827.[8] The trial court charged the jury that it could consider the conspiracy charge as a crime of violence for purposes of the Section 924(c) charge, which was error under *Davis*. In addition, the *Stone* court also instructed the jury that it could base a Section 924(c) conviction on murder in aid of racketeering, the valid predicate offense. *Id.*; (ECF No. 229 at 19.) That is exactly what happened in this case; while Judge Townes included the now erroneous instruction about conspiracy, she charged the jurors that they could also base a Section 924(c) conviction on the valid predicate offense, murder in aid of racketeering. The evidence at the petitioner's trial demonstrated that the petitioner and his co-defendant shot and killed Jermaine Dickersen, and that the police recovered the murder weapon from the petitioner. (ECF 219 at 5.) This evidence allowed "the jury [to] conclude[e] that the [petitioner] personally possessed the gun that was used" for the murder. (ECF No. 237 at 7.) Accordingly, like *Stone*, any error in the jury instruction was harmless because "the jury found facts 'satisfying the essential elements of guilt' on the valid predicate" of murder in aid of racketeering. *Stone*, 37 F.4th at 832.

---

[8] The jury in the petitioner's trial was instructed that both conspiracy to commit murder in aid of racketeering and racketeering conspiracy could serve as predicate offenses to the Section 924(c) charge. (ECF No. 237 at 6.)

Moreover, the murder and the murder conspiracy charges were based on one murder: the murder of Jermaine Dickersen. When "murder conspiracy and murder charges involve *the same murder*, the jury's finding of guilt on the murder count . . . eliminates any reasonable possibility that the corresponding firearm conviction could have rested only on the conspiracy count." *United States v. Riley*, No. 20-CV-2201, 2021 WL 2186229, at *5 (E.D.N.Y. May 28, 2021) (emphasis in original); *see also United States v. Dhinsa*, No. 97-CR-672, 2020 WL 7024377 (E.D.N.Y. Nov. 30, 2020); *Sessa v. United States*, No. 20-CV-1957, 2020 WL 3451657, at *5 (E.D.N.Y. June 24, 2020).[9] Indeed, "[t]he notion that [a petitioner's] conviction under § 924(c) was predicated *only* on a conspiracy to commit murder, but not on his role in intentionally committing that same murder, is absurd." *Dhinsa*, 2020 WL 7024377, at *3 (emphasis in original). The petitioner was convicted of murdering Dickersen and conspiring to murder him. Thus, there is no reasonable possibility that the jury relied only on the conspiracy charge in deciding the Section 924(c) charge.

Finally, the petitioner contends that the *Pinkerton* jury instruction allowed the jury to rely on a co-conspirator theory of liability for the 924(c) charge. (ECF No. 229 at 20.) A *Pinkerton* charge permits a jury to hold a defendant "responsible for the substantive crimes committed by his co-conspirators to the extent those offenses were reasonably foreseeable consequences of acts furthering the unlawful agreement, even if he did not himself participate in the substantive crimes." *United States v. Masotto*, 73 F.3d 1233, 1239 (2d Cir. 1996) (quotation omitted). The

---

[9] The petitioner relies on *United States v. Rodriguez*, No. 94-CR-313, 2020 WL 1878112, (S.D.N.Y. Apr. 15, 2020), in which the court found that there was "no way to know that an invalid basis was not the sole basis for jury verdicts" on the Section 924(c) charge. 2020 WL 1878112, at *17. *Rodriguez* was decided before *Stone*, however.

petitioner argues that the jury could have convicted him of murder in aid of racketeering without finding that he personally committed that crime.  (*See* ECF No. 229 at 20.)

In *United States v. Gomez*, the court explained that "that a jury instruction on *Pinkerton* liability does not affect the validity of a section 924(c) predicate" as it "provides only an alternative theory of substantive liability."  No. 97-CR-696, 2021 WL 3617206, at *5 (S.D.N.Y. Aug. 16, 2021).  Put differently, "a jury [that] convicts pursuant to a *Pinkerton* charge . . . finds that the defendant indeed committed each element of the substantive offense, albeit constructively."  *Id.*  "[E]valuating the validity of a section 924(c) predicate in light of the specific theories of liability relied upon in a given case is fundamentally at odds with the mandates of the categorical approach" required by *Davis*; thus, a conviction for a crime of violence serves as a valid predicate "regardless of what theory of liability it proceeds on."  *Id.* (quoting *Sessa*, 2020 WL 3451657, at *5).[10]  Accordingly, the fact that Judge Townes gave a *Pinkerton* instruction does not entitle the petitioner to vacatur of his conviction.

## CONCLUSION

The petitioner's motions are denied.  As the Second Circuit's explained, the petitioner may "file a new appeal to obtain review of" this ruling, as well as "the denial of his first § 2255 motion."  (ECF No. 255.)

---

[10] For similar reasons, the petitioner's reliance on *United States v. Taylor*, 596 U.S. 845 (2022), is misplaced.  In *Taylor*, the Supreme Court, applying the categorical approach, held that a Hobbs act robbery does not qualify as a crime of violence for purposes of a Section 924(c) charge.  *Id.* at 845.

**SO ORDERED.**

      s/Ann M. Donnelly

——————————————————

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
       November 13, 2024